# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 12/11/2020 03:04 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel, Deputy Clerk
20STCV47496

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
GARFIELD BEACH CVS, L.L.C., a California Corporation; CVS PHARMACY, INC., a Rhode Island Corporation; and DOES 1 through 100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ELIZABETH FREGOSO, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Los Angeles County Superior Court
Stanley Mosk Courthouse, 111 N. Hill Street, Los Angeles, CA  90012

**CASE NUMBER:**
*(Número del Caso):*
20STCV47496

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Paul K. Haines, Esq., Haines Law Group, APC
2155 Campus Drive, Suite 180, El Segundo, California 90245
Telephone No.: 424-292-2350   Fax No.: 424-292-2355

DATE:
*(Fecha)* 12/11/2020   Clerk, by Sherri R. Carter Executive Officer / Clerk of Court   Deputy
*(Secretario)* M. Barel   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
   Garfield Beach CVS, LLC., a California Corporation
3. ☒ on behalf of *(specify):*
   under: ☒ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
**SUMMONS**
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
EXHIBIT A, PAGE 12

20STCV47496

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Susan Bryant-Deason

Electronically FILED by Superior Court of California, County of Los Angeles on 12/11/2020 03:04 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel, Deputy Clerk

**HAINES LAW GROUP, APC**
Paul K. Haines (SBN 248226)
phaines@haineslawgroup.com
Sean M. Blakely (SBN 264384)
sblakely@haineslawgroup.com
Joseph R. Holmes (SBN 312381)
jholmes@haineslawgroup.com
2155 Campus Drive, Suite 180
El Segundo, California 90245
Tel: (424) 292-2350
Fax: (424) 292-2355

Attorneys for Plaintiff

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| ELIZABETH FREGOSO, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>GARFIELD BEACH CVS, L.L.C., a California Corporation; CVS PHARMACY, INC., a Rhode Island Corporation; and DOES 1 through 100,<br><br>Defendants. | CASE NO.   20STCV47496<br><br>**COMPLAINT:**<br><br>**(1) WRONGFUL TERMINATION IN VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT;**<br><br>**(2) WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;**<br><br>**(3) DISABILITY DISCRIMINATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT;**<br><br>**(4) FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT;**<br><br>**(5) FAILURE TO PROVIDE REASONABLE ACCOMMODATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT;**<br><br>**(6) NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS; and**<br><br>**(7) BREACH OF CONTRACT**<br><br>**DEMAND FOR JURY TRIAL UNLIMITED CIVIL CASE** |

1   COMES NOW Plaintiff Elizabeth Fregoso ("Plaintiff") and hereby requests a trial by

2   jury and complains and alleges on information and belief as against Defendants Garfield Beach

3   CVS, L.L.C., a California Corporation, CVS Pharmacy, Inc., a Rhode Island Corporation, and

4   DOES 1 through 100 (collectively "Defendants"), and each of them, as follows:

5   **THE PARTIES**

6   1.   Plaintiff is, and at all times relevant to this action was, an individual residing in

7   the County of Los Angeles, State of California. At all times relevant to this action, Plaintiff was

8   an employee of Defendants.

9   2.   Plaintiff is informed and believes, and thereon alleges, that Defendants are an

10   American retail corporation, which own and operate 6,200 pharmacy stores nationwide, and

11   specifically in Los Angeles County, including, but not limited to, Defendant Garfield Beach

12   CVS, L.L.C. As such, Defendants are qualified to do business and conduct business in the

13   County of Los Angeles, and State of California within this judicial district.

14   3.   The true names, identities and capacities, whether individual, corporate, associate

15   or otherwise, of Defendants Does 1 through 100 are unknown to Plaintiff at this time, who

16   therefore sues said defendants by such fictitious names pursuant to California *Code of Civil*

17   *Procedure* section 474. Upon ascertaining the true and correct names, titles, capacities and/or

18   identities of the defendants designated herein as a Doe, Plaintiff will amend this Complaint

19   accordingly.

20   4.   Plaintiff is informed and believes, and thereon alleges, that all of the Defendants

21   herein, however designated, whether by real or fictitious name, were and are in some manner

22   responsible for the events, happenings, occurrences and instrumentalities upon and about which

23   complaint is hereinafter made.

24   5.   Plaintiff is further informed and believes, and thereon alleges, that each of the

25   Defendants herein, whether designated by real or fictitious names, are, and at all times relevant

26   hereto, were, the agent, servant, employee and hireling of each of the co-Defendants and in

27   doing the things and acts herein alleged and complained of or in failing to do that which they

28   should have done, were acting within the course and scope of such employment, agency and

2

Complaint

1   hiring with the full knowledge, consent, approval and ratification of each of the other co-
2   Defendants.

### JURISDICTION AND VENUE

4   6.   Venue is proper in this action because Plaintiff is informed and believes and
5   hereon alleges that at all relevant times herein, Defendants were and are doing business in Los
6   Angeles County in the State of California. Venue is also proper because Los Angeles County is
7   the county where Plaintiff resided and worked, and would have continued to work, but for the
8   unlawful practices of Defendants, and each of them.

9   7.   Subject matter in this action is properly heard in this Court, as the action
10  incorporates an amount in controversy as set forth in the complaint which exceeds $25,000.00.

11  8.   At all times mentioned herein, California Government Code §§ 12900, *et seq.*
12  ("California Fair Employment and Housing Act" or "FEHA"), was in full force and effect, and
13  was binding upon Defendants.

14  9.   Plaintiff is informed and believes, and hereon alleges, that Defendants are
15  employers subject to suit under the FEHA, as they are entities with more than twenty-five (25)
16  employees doing business in the State of California.

17  10.   On November 6, 2020, Plaintiff filed with the California Department of Fair
18  Employment and Housing ("DFEH") a complaint charging Defendants with discrimination,
19  retaliation, denial of a good faith interactive process, denial of reasonable accommodation, and
20  wrongful termination based on Plaintiff's serious medical condition and engagement in a
21  protected activity, namely taking an approved medical leave of absence, all in violation of the
22  California Fair Employment and Housing Act (hereafter, "FEHA"). On November 6, 2020, the
23  DFEH issued to Plaintiff a Right-to-Sue letter. *See* Exhibit A.

### GENERAL FACTUAL ALLEGATIONS

25  11.   Plaintiff began working for Defendants at CVS Store #9639, located at 11940
26  Garvey Ave, El Monte CA 91732, on or about July 14, 1990. Plaintiff began her employment
27  as a Clerk and was promoted multiple times during her 28-year tenure with Defendants because
28  of her demonstrated work ethic and leadership abilities. Plaintiff eventually was promoted to the

1    position of Pharmacy Supervisor and was on the path towards receiving her Pharmacy

2    Technician License. After 20 years at CVS store #9639, Plaintiff was transferred to store #9609

3    located at 9920 East Garvey Ave, El Monte, CA 91733. At the time, Store #9609 was struggling

4    with various metrics, so Plaintiff was brought in to help improve the store since Plaintiff was an

5    excellent employee.

6         12.    During her employment, Plaintiff consistently earned excellent reviews and

7    ratings that "exceeded" expectations. Plaintiff, in her performance evaluations, was consistently

8    praised as having "outstanding merchandising skills," and being "truly an asset..." Defendants

9    specifically commended Plaintiff for "always looking out for the company assets," and for

10   reacting "promptly to new tasks to complete them with a sense of urgency." As a result of

11   Plaintiff's hard work and forward thinking, she was consistently awarded merit increases and

12   was highly commended for her hard work, willingness to learn, and positive attitude.

13        13.    On or about February 10, 2018, three individuals entered Store #9609. Plaintiff

14   suspected these individuals to be potential shoplifters, and Store #9609 had issues in the past

15   with shoplifters, including a Clerk being held at gunpoint. On February 10, 2018 one of the

16   suspected shoplifters bumped into Plaintiff on her way out of the store. Plaintiff asked the

17   customer if she wanted to pay for her merchandise, but the shoplifter let go of her basket and

18   started pulling Plaintiff's hair. As Plaintiff was losing her balance, she yelled "call the cops,"

19   and one of the other shoplifters had to free Plaintiff from the assailer's grip. The assailer and the

20   other shoplifters then fled the store before the police arrived.

21        14.    On or about February 12, 2018, Plaintiff did not report to work and sought

22   psychological and orthopedic treatment from Defendant's worker's compensation carrier for the

23   work-related injuries she sustained on February 10, 2018. Plaintiff started having regular

24   nightmares after the incident so Plaintiff's doctor placed her off of work due to the injuries she

25   sustained. Plaintiff also filed a claim with the Worker's Compensation Appeals Board

26   ("WCAB") due to the injuries she sustained. Plaintiff remained on approved medical leave from

27   February 2018 until October 2019, at which time she was ready to return to work for Defendant

28   at a different location. At all relevant times, Plaintiff provided Defendants with appropriate

1 | medical documentation supporting her need for a medical leave of absence.

2 |     15.    On or about October 23, 2019, Plaintiff settled her worker's compensation claim.
3 | On several occasions during the settlement negotiations, Defendants tried to force Plaintiff to
4 | sign a voluntary resignation of employment, but Plaintiff refused because she was determined to
5 | return to work for CVS where she had worked for 28 years. Plaintiff was eventually able to
6 | settle her claim with the express understanding that she could return to work with Defendants at
7 | a different location.  The settlement agreement specifically states: "Applicant may return to
8 | work at a different CVS location as arranged through Advice and Counsel and/or the "District
9 | Lead." Applicant may return to full time work without restrictions."

10 |     16.    On or about November 12, 2019, Plaintiff met with Richard, a District Manager
11 | for Defendants. Plaintiff believed that they were going to discuss her return to work at another
12 | location. However, at this November 12, 2019 meeting, Defendants informed Plaintiff that
13 | Defendants were terminating her employment. Defendants allege that Plaintiff violated
14 | company policy because she physically engaged with the shoplifter on February 10, 2018.
15 | Plaintiff received no discipline from the company on February 10, 2018, the actual date of the
16 | incident. The first time Plaintiff was disciplined for the February 10, 2018 shoplifter incident
17 | was November 12, 2019, 21 months after the incident. Defendants had work available at other
18 | locations, and Plaintiff did not have any restrictions that Defendants needed to comply with in
19 | order to return her to work. Moreover, the settlement agreement specifically provided Plaintiff
20 | the opportunity to return to work with Defendants at a different location.

21 |     17.    As a result of the foregoing, Defendants failed to engage in a good-faith
22 | interactive process or provide Plaintiff with a reasonable accommodation. Additionally,
23 | Defendants discriminated against Plaintiff because of her serious medical condition and
24 | retaliated against her for taking legitimate and approved medical leave, which is a protected
25 | activity.

26 |     18.    On or about November 6, 2020, Plaintiff exhausted her administrative remedies
27 | with the DFEH authorizing Plaintiff to bring this action under the FEHA. The DFEH closed
28 | Plaintiff's case in order to allow Plaintiff to pursue her civil remedies under FEHA.  A true and

correct copy of Plaintiff's "Right to Sue" letter issued by the DFEH is attached hereto as Exhibit A.

### FIRST CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF THE FEHA

### (AGAINST ALL DEFENDANTS)

19.     Plaintiff incorporates all prior paragraphs as though fully set forth herein.

20.     At all times herein mentioned, California Government Code, sections 12900-12999 were in full force and effect. These statutes, known as the FEHA, make it unlawful for an employer in the State of California to harass, discriminate, and/or terminate an employee based upon her membership in a protected class.

21.     Under the FEHA, discrimination and termination of an employee based upon disability and serious medical condition, is unlawful. *See* Cal. Govt. Code § 12940(a).

22.     Defendants, and each of them, discriminated against Plaintiff by terminating Plaintiff because of her serious medical condition, disability and/or perceived disability in violation of the California Fair Employment and Housing Act, California Government Code §12900, et seq.

23.     On or about November 6, 2020, Plaintiff exhausted her administrative remedies with the DFEH, authorizing Plaintiff to bring this action under the FEHA. A true and correct copy of Plaintiff's "Right to Sue" letter issued by the DFEH is attached hereto as Exhibit A.

24.     As a direct and proximate result of Defendants' wilful, knowing and intentional discrimination against her, Plaintiff has sustained, and continues to sustain, loss of earnings and future earnings, and emotional and mental distress, anguish, embarrassment and humiliation, the full nature and extent of which are presently unknown to Plaintiff, who therefore, will seek leave of court to amend her complaint at such time as these damages are fully ascertained.

25.     Plaintiff is informed and believes and based thereon alleges that the conduct of Defendants described above was done with malice, fraud and oppression and with conscious disregard for her rights and with the intent, design and purpose of injuring her.  Defendants,

1  through their officers, managing agents and/or its supervisors, authorized, condoned and/or

2  ratified the unlawful conduct of all of the other Defendants named in this action.  By reason

3  thereof, Plaintiff is entitled to punitive or exemplary damages from all Defendants in a sum

4  according to proof at trial, to be ascertained by the fact finder that is sufficiently high to punish

5  Defendants, deter them from engaging in such conduct again, and to make an example of them

6  to others.

7       26.    Plaintiff further requests attorneys' fees and prejudgment interest to be awarded

8  to her pursuant to California Government Code §12965.

9  ## SECOND CAUSE OF ACTION

10  ## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

11  ## (AGAINST ALL DEFENDANTS)

12       27.    Plaintiff incorporates all prior paragraphs as though fully alleged herein.

13       28.    It is the public policy of the State of California to prohibit discrimination and

14  retaliation in the workplace that is premised on physical disability, a serious medical condition,

15  or the taking of an approved medical leave of absence.

16       29.    Defendants, and each of them, engaged in a course of conduct in violation of

17  public policy by terminating Plaintiff's employment because of her disability, serious medical

18  condition, and/or engagement in a protected activity, namely the taking of an approved medical

19  leave of absence.

20       30.    As a direct and proximate result of the conduct of Defendants, and each of them,

21  Plaintiff has suffered and continues to suffer humiliation, embarrassment, loss of employment

22  and attendant earnings and job benefits, all to Plaintiff's damage in an amount in excess of the

23  jurisdictional minimum of this Court, the exact amount of which will be proven at trial.

24       31.    Plaintiff is informed and believes, and based thereon alleges, that the conduct of

25  Defendants as alleged herein was knowing, intentional, fraudulent, wanton, willful and

26  malicious.  By reason thereof, Plaintiff is entitled to punitive damages against Defendants in an

27  amount within the jurisdiction of this Court, to be ascertained by the fact finder that is

28  sufficiently high to punish Defendants, deter them from engaging in such conduct again, and to

1  make an example of them to others.

2  ## THIRD CAUSE OF ACTION

3  ### DISABILITY DISCRIMINATION IN VIOLATION OF THE FEHA

4  ### (AGAINST ALL DEFENDANTS)

5      32.    Plaintiff incorporates all prior paragraphs as though fully alleged herein.

6      33.    At all times herein mentioned, California Government Code, sections 12900-

7  12999 were in full force and effect. These statutes, known as the FEHA, make it unlawful for an

8  employer in the State of California to harass, discriminate, and/or terminate an employee based

9  upon her membership in a protected class.

10      34.    Under the FEHA, discriminating against an employee due to the employee's

11  actual or perceived physical disability and/or serious medical condition is unlawful.

12      35.    Defendants, and each of them, discriminated against Plaintiff by terminating

13  Plaintiff because of her physical disability, serious medical condition and/or perceived physical

14  disability and/or medical condition, in violation of the FEHA.

15      36.    On or about November 6, 2020, Plaintiff exhausted her administrative remedies

16  with the DFEH, authorizing Plaintiff to bring this action under the FEHA. A true and correct

17  copy of Plaintiff's "Right to Sue" letter issued by the DFEH is attached hereto as Exhibit A.

18      37.    As a direct and proximate result of Defendants' wilful, knowing and intentional

19  discrimination against her, Plaintiff has sustained, and continues to sustain, loss of earnings and

20  future earnings, and emotional and mental distress, anguish, embarrassment and humiliation, the

21  full nature and extent of which are presently unknown to Plaintiff, who therefore, will seek

22  leave of court to amend her complaint at such time as these damages are fully ascertained.

23      38.    Plaintiff is informed and believes and based thereon alleges that the conduct of

24  Defendants described above was done with malice, fraud and oppression and with conscious

25  disregard for her rights and with the intent, design and purpose of injuring her. Defendants,

26  through their officers, managing agents and/or its supervisors, authorized, condoned and/or

27  ratified the unlawful conduct of all of the other Defendants named in this action. By reason

28  thereof, Plaintiff is entitled to punitive or exemplary damages from all Defendants in a sum

1   according to proof at trial.

2        39.    Plaintiff further requests attorneys' fees and prejudgment interest to be awarded

3   to her pursuant to California Government Code § 12965.

4                        **FOURTH CAUSE OF ACTION**

5   **FAILURE TO ENGAGE IN GOOD FAITH INTERACTIVE PROCESS IN VIOLATION**

6                        **OF THE FEHA**

7                   **(AGAINST ALL DEFENDANTS)**

8        40.    Plaintiff incorporates all prior paragraphs of this Complaint as though fully

9   alleged herein.

10       41.    California Government Code § 12940, *et. seq.* provides that it is an unlawful

11   employment practice for an employer to fail to make or engage in the good faith interactive

12   process to determine reasonable accommodations for an employee with a disability and/or

13   serious medical condition.

14       42.    Defendants violated California Government Code § 12940(m) with regard to

15   Plaintiff when they failed to engage Plaintiff in a timely and good faith interactive process to

16   determine reasonable accommodations for her disability and/or serious medical condition before

17   her termination.

18       43.    As a direct, foreseeable and proximate result of the wrongful conduct by

19   Defendants, and each of them, as alleged hereinabove, Plaintiff has suffered both general and

20   special damages in the past and present and will continue to suffer such damages in the future

21   for an unknown period of time.

22       44.    As a direct, foreseeable and proximate result of the wrongful conduct by

23   Defendants, and each of them, as alleged hereinabove, Plaintiff has suffered and continues to

24   suffer humiliation, embarrassment, anxiety, mental anguish and emotional distress. The exact

25   amount of such damages is unknown to Plaintiff at this time but excess the jurisdictional

26   minimum of this Court.

27       45.    As a direct, foreseeable and proximate result of the wrongful conduct by

28   Defendants, and each of them, as alleged hereinabove, Plaintiff has suffered and continues to

1   suffer losses in earnings and other employment benefits all to her damage in an amount in

2   excess of the minimum jurisdictional limit of this court, the precise amount of which will be

3   proven at trial.

4       46.    On or about November 6, 2020, Plaintiff exhausted her administrative remedies

5   with the DFEH, authorizing Plaintiff to bring this action under the FEHA. A true and correct

6   copy of Plaintiff's "Right to Sue" letter issued by the DFEH is attached hereto as Exhibit A.

7       47.    Plaintiff alleges that pursuant to California *Civil Code* section 3288, she is

8   entitled to recover prejudgment interest on the damages she sustained as a result of the wrongful

9   and tortious conduct of Defendants, and each of them.

10       **FIFTH CAUSE OF ACTION**

11   **FAILURE TO PROVIDE REASONABLE ACCOMMODATION IN VIOLATION OF**

12   **THE FEHA**

13   **(AGAINST ALL DEFENDANTS)**

14       48.    Plaintiff incorporates all prior paragraphs of this Complaint as though fully

15   alleged herein.

16       49.    California Government Code § 12940(m) provides that it is an unlawful

17   employment practice for an employer to fail to make or engage in reasonable accommodations

18   for an employee with a disability and/or medical condition.

19       50.    At all times mentioned herein, Plaintiff had a disability, perceived disability

20   and/or medical condition, and/or serious medical condition. Defendants were aware of the same

21   and/or perceived her as having a disability and/or serious medical condition.

22       51.    Plaintiff requested a reasonable accommodation for her medical condition.

23   Defendants knew that Plaintiff had a serious medical condition and that she was in need of an

24   accommodation. Defendants, however, refused to provide Plaintiff with reasonable

25   accommodation for her medical condition, even though it could have easily been provided

26   without undue hardship. By failing to provide Plaintiff with reasonable accommodation for her

27   medical condition, Defendants violated Government Code § 12940(m).

28       52.    As a direct, foreseeable and proximate result of the wrongful conduct by

EXHIBIT A, PAGE 22

1    Defendants, and each of them, as alleged hereinabove, Plaintiff has suffered both general and

2    special damages in the past and present and will continue to suffer such damages in the future

3    for an unknown period of time.  The exact amount of such damages is unknown to Plaintiff at

4    this time but exceeds the jurisdictional minimum of this Court.

5          53.    As a direct, foreseeable and proximate result of the wrongful conduct by

6    Defendants, and each of them, as alleged hereinabove, Plaintiff has suffered and continues to

7    suffer humiliation, embarrassment, anxiety, mental anguish and emotional distress.

8          54.    As a direct, foreseeable and proximate result of the wrongful conduct by

9    Defendants, and each of them, as alleged hereinabove, Plaintiff has suffered and continues to

10   suffer losses in earnings and other employment benefits all to her damage in an amount in

11   excess of the minimum jurisdictional limit of this court, the precise amount of which will be

12   proven at trial.

13         55.    Plaintiff alleges that pursuant to California Civil Code section 3288, she is

14   entitled to recover prejudgment interest on the damages she sustained as a result of the wrongful

15   and tortious conduct of Defendants, and each of them.

16                            **SIXTH CAUSE OF ACTION**

17                **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

18                          **(AGAINST ALL DEFENDANTS)**

19         56.    Plaintiff incorporates all prior paragraphs of this Complaint as though fully

20   alleged herein.

21         57.    As Plaintiff's employer, Defendants owed a duty to Plaintiff to not retaliate or

22   discriminate against Plaintiff because of her physical disability and/or serious medical

23   condition, and/or taking approved medical leave of absence, which is the public policy of the

24   State of California.

25         58.    Defendants breached their duty to Plaintiff by subjecting her to different

26   conditions and terms of employment including, but not limited to termination as a result of her

27   actual or perceived disability and/or serious medical condition, and/or her engagement in a

28   protected activity. Defendants knew or should have known that this conduct would cause

1  Plaintiff to suffer severe emotional distress and mental injury.  Defendants breached their duty

2  to Plaintiff which did, in fact, result in Plaintiff suffering severe emotional distress and mental

3  injury.

4        59.    As a proximate result of the wrongful conduct of Defendants as alleged herein,

5  Plaintiff has suffered damages for which she seeks to be made whole, the exact amount of

6  which will be proven at trial.

7        60.    As a further proximate result of Defendants' wrongful conduct and negligent

8  actions, Plaintiff has suffered and continues to suffer anxiety, worry, embarrassment,

9  humiliation, mental anguish, and serious, severe emotional distress, including physical injuries

10  for which she seeks compensation in an amount to be proven at trial.

11  **SEVENTH CAUSE OF ACTION**

12  **BREACH OF CONTRACT**

13  **(AGAINST ALL DEFENDANTS)**

14        61.    Plaintiff re-alleges and incorporates by reference all previous paragraphs as

15  though fully set forth herein.

16        62.    Plaintiff has performed all conditions, covenants, and promises required of her to

17  be performed in accordance with the terms and conditions of the worker's compensation

18  settlement agreement entered into between Plaintiff and Defendants, as described herein.

19        63.    Defendants were not excused from performing any of the conditions, covenants,

20  and promises required of them to be performed in accordance with the terms and conditions of

21  Plaintiff's workers' compensation settlement agreement, nor was Defendants' performance

22  prevented by any law or ordinance, nor was the aforementioned agreement impractical,

23  impossible or based upon any mistake.

24        64.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

25  breached the workers' compensation settlement agreement between Plaintiff and Defendants

26  which explicitly allowed Plaintiff to return to work for Defendants at a different CVS location.

27        65.    As a direct, legal and proximate result of Defendants' breach of this written

28  contract, Plaintiff has been damaged in an amount to be proven at the time of trial, but which

1   Plaintiff alleges exceeds the jurisdictional minimum of this Court.

2       66.   ⁻Plaintiff alleges that⁻pursuant to California Civil Code section 3287, she is

3   entitled to recover prejudgment interest on the damages he has sustained as a result of

4   Defendants' breach of contract.

5   **PRAYER FOR RELIEF**

6       WHEREFORE, Plaintiff prays for judgment against Defendants, and DOES 1 through

7   100, and each of them, as follows:

8     1.  For lost income and other economic damages on all causes of action in an amount

9         according to proof at the time of trial;

10    2.  For emotional distress damages on all causes of action that allow for such a

11        recovery;

12    3.  For compensatory, general, economic, and non-economic damages;

13    4.  For punitive damages in an amount according to proof at the time of trial on all

14        causes of action that allow for such a recovery;

15    5.  For liquidated damages in an amount according to proof at the time of trial on all

16        causes of action that allow for such a recovery;

17    6.  For civil penalties as provided by the California Labor Code;

18    7.  For attorneys' fees and costs, as allowed by law and statute;

19    8.  For an award of interest, including prejudgment interest, at the legal rate, as allowed

20        by law;

21    9.  For costs of suit incurred herein; and

22    10. For such other relief as the Court may deem just and proper.

23

24  Dated: December 11, 2020        Respectfully submitted,
                           HAINES LAW GROUP LLP

25

26                    By:

27                             Paul K. Haines
                           Attorneys for Plaintiff

28

1

## **DEMAND FOR JURY TRIAL**

2

Plaintiff hereby demands a jury trial with respect to all issues triable by jury.

3

4    Dated:  December 11, 2020                    HAINES LAW GROUP LLP

5

By:

6                                                              Paul K. Haines

7                                                              Attorneys for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                          GAVIN NEWSOM, GOVERNOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

November 6, 2020

Joseph Holmes
2155 Campus Drive, Suite 180
El Segundo, California 90245

RE:   **Notice to Complainant's Attorney**
       DFEH Matter Number: 202011-11737206
       Right to Sue: Fregoso / CVS Pharmacy, Inc. et al.

Dear Joseph Holmes:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                        KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

November 6, 2020

RE:   **Notice of Filing of Discrimination Complaint**
       DFEH Matter Number: 202011-11737206
       Right to Sue: Fregoso / CVS Pharmacy, Inc. et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit.
This case is not being investigated by DFEH and is being closed immediately. A copy of
the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency
GAVIN NEWSOM, GOVERNOR

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

November 6, 2020

Elizabeth Fregoso
2155 Campus Drive, Suite 180
El Segundo, California 90245

RE:     **Notice of Case Closure and Right to Sue**
        DFEH Matter Number: 202011-11737206
        Right to Sue: Fregoso / CVS Pharmacy, Inc. et al.

Dear Elizabeth Fregoso:

This letter informs you that the above-referenced complaint was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective
November 6, 2020 because an immediate Right to Sue notice was requested. DFEH
will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

EXHIBIT A, PAGE 30

1

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

2

3

4

**In the Matter of the Complaint of**

5   Elizabeth Fregoso                                    DFEH No. 202011-11737206

6                            Complainant,

7   vs.

8   CVS Pharmacy, Inc.
    1 CVS Drive
9   Woonsocket, Rhode Island 02895

10  Garfield Beach CVS, L.L.C.
    One CVS Drive
11  Woonsocket, Rhode Island 02895

12                            Respondents

13  ─────────────────────────────────────

14  1. Respondent **CVS Pharmacy, Inc.** is an **employer CVS Pharmacy, Inc.** subject to suit
    under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

15
    2. Complainant is naming **Garfield Beach CVS, L.L.C.** as individual Co-Respondent(s).

16
    3. Complainant **Elizabeth Fregoso**, resides in the City of **El Segundo**, State of **California.**

17
    4. Complainant alleges that on or about **November 12, 2019**, respondent took the
18  following adverse actions:

19
    **Complainant was discriminated against** because of complainant's family care or medical
20  leave (cfra) (employers of 50 or more people), disability (physical or mental), medical
    condition (cancer or genetic characteristic) and as a result of the discrimination was
21  terminated, denied hire or promotion, reprimanded, denied any employment benefit or
    privilege, denied reasonable accommodation for a disability, denied work opportunities or
22  assignments, denied or forced to transfer.

23  **Complainant experienced retaliation** because complainant requested or used a disability-
    related accommodation, requested or used leave under the california family rights act or
24  fmla (employers of 50 or more people) and as a result was terminated, denied hire or
    promotion, reprimanded, denied any employment benefit or privilege, denied reasonable
25  accommodation for a disability, denied work opportunities or assignments, denied or forced
    to transfer.
26

27                                    -1-
                        *Complaint – DFEH No. 202011-11737206*
28
    Date Filed: November 6, 2020

1

2  **Additional Complaint Details:** Claimant began working for Respondent at CVS Store
   #9639, located at 11940 Garvey Ave, El Monte CA 91732, on or about July 14, 1990.
3  Claimant began her employment as a Clerk and was promoted multiple times during her 28-
   year tenure with Respondent because of her demonstrated work ethic and leadership
4  abilities. Claimant eventually was promoted to the position of Pharmacy Supervisor and was
   on the path towards receiving her Pharmacy Technician License. After 20 years at CVS
5  store #9639, Claimant was transferred to store #9609 located at 9920 East Garvey Ave, El
   Monte, CA 91733. At the time, Store #9609 was struggling with various metrics, so Claimant
6  was brought in to help improve the store since Claimant was an excellent employee.
7  During her employment, Plaintiff consistently earned excellent reviews and ratings that
   "exceeded" expectations. Plaintiff, in her performance evaluations, was consistently praised
8  as having "outstanding merchandising skills," and being "truly an asset..." Respondent
   specifically commended Claimant for "always looking out for the company assets," and for
9  reacting "promptly to new tasks to complete them with a sense of urgency." As a result of
   Plaintiff's hard work and forward thinking, she was consistently awarded merit increases and
10 was highly commended for her hard work, willingness to learn, and positive attitude.
   On or about February 10, 2018, three individuals entered Store #9609. Claimant suspected
11 these individuals to be potential shoplifters because they carried a basket full of
   merchandise and were moving quickly through the store. Store #9609 had issues in the past
12 with shoplifters, including a Clerk being held at gunpoint. On February 10, 2018 one of the
   suspected shoplifters bumped into Claimant on her way out of the store. Claimant asked the
13 customer if she wanted to pay for her merchandise, but the shoplifter let go of her basket
   and started pulling Claimant's hair. As Claimant was losing her balance, she yelled "call the
14 cops," and one of the other shoplifters had to free Claimant from the assailer's grip. The
   assailer and the other shoplifters then fled the store before the police arrived.
15 On or about February 12, 2018, Claimant did not report to work and sought psychological
16 and orthopedic treatment from Respondent's worker's compensation carrier for the work-
   related injuries she sustained on February 10, 2018. Claimant started having regular
17 nightmares after the incident so Claimant's doctor placed her off of work due to the injuries
   she sustained as a result of the February 10, 2018 incident. Claimant also filed a claim with
18 the Worker's Compensation Appeals Board ("WCAB") due to the injuries she sustained as a
   result of the February 10, 2018 incident. Claimant remained on approved medical leave from
19 February 2018 until October 2019, when she felt ready to return to work for Respondent at a
   different location. At all relevant times, Claimant provided Respondents with appropriate
20 medical documentation supporting her need for a medical leave of absence.
   On or about October 23, 2019, Claimant settled her worker's compensation claim.  On
21 several occasions during the settlement negotiations, Respondent tried to force Claimant to
   sign a voluntary resignation of employment, but Claimant refused because she was
22 determined to return to work for CVS where she had worked for 28 years. Claimant was
   eventually able to settle her claim with the explicit understanding that she could return to
23 work with Respondent at a different location.  The settlement agreement specifically stated:
   "Applicant may return to work at a different CVS location as arranged through Advice and
24 Counsel and/or the "District Lead." Applicant may return to full time work without
25 restrictions."

26

27                                    -2-
                      *Complaint – DFEH No. 202011-11737206*

28 Date Filed: November 6, 2020

1 | On or about November 12, 2019, Claimant met with Richard, a District Manager for
Respondent. Claimant believed that they were going to discuss her return to work at a safer
2 | location. However, at this November 12, 2019 meeting, Respondent informed Claimant that
Respondent was terminating her employment. Respondent alleges that Claimant violated
3 | company policy because she physically engaged with the shoplifter on February 10, 2018.
Claimant received no discipline from the company on February 10, 2018, the actual date of
4 | the incident. The first time Respondent was disciplined for the February 10, 2018 shoplifter
incident was November 12, 2019, 21 months after the incident. Respondent had work
5 | available at other locations, and Claimant did not have any restrictions that Respondent
needed to comply with in order to return her to work. Moreover, the settlement agreement
6 | specifically provided Claimant the opportunity to return to work with Respondent at a
different location.
7 | As a result of the foregoing, Respondent failed to engage in a good-faith interactive process
8 | or provide Claimant with a reasonable accommodation. Additionally, Respondent
discriminated against Claimant because of her serious medical condition and retaliated
9 | against her for taking legitimate and approved medical leave, which is a protected activity.

-3-
*Complaint – DFEH No. 202011-11737206*

Date Filed: November 6, 2020

1    VERIFICATION

2    I, **Joseph Holmes**, am the **Attorney** in the above-entitled complaint. I have read the
3    foregoing complaint and know the contents thereof.  The matters alleged are based
     on information and belief, which I believe to be true.
4
     On November 6, 2020, I declare under penalty of perjury under the laws of the State
5    of California that the foregoing is true and correct.

6                                                              **El Segundo, California**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
                                          -4-
27                          *Complaint – DFEH No. 202011-11737206*

28   Date Filed: November 6, 2020